KAREN P. HEWITT
United States Attorney
EUGENE S. LITVINOFF
Assistant U.S. Attorney
California State Bar No. 214318
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5790 / (619) 235-2757 (Fax)
Email: Eugene.Litvinoff2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RIGOBERTO HERNANDEZ-RIVERA,<br><br>        Defendant.<br>_____ | ) Criminal Case No. 08CR0719-L<br>)<br>) Date:    April 14, 2008<br>) Time:    2:00 p.m.<br>)<br>) GOVERNMENT'S RESPONSE AND<br>) OPPOSITION TO DEFENDANT'S<br>) MOTIONS TO:<br>)<br>) (1) DISMISS THE INDICTMENT;<br>) (2) STRIKE SURPLUSAGE FROM<br>)     THE INDICTMENT;<br>) (3) PRODUCE GRAND JURY<br>)     TRANSCRIPTS;<br>) (4) COMPEL DISCOVERY; AND<br>) (5) REQUEST LEAVE TO FILE<br>)     ADDITIONAL MOTIONS<br>)<br>)<br>) TOGETHER WITH STATEMENT OF<br>) FACTS, MEMORANDUM OF POINTS<br>) AND AUTHORITIES, AND<br>) GOVERNMENT'S MOTIONS FOR:<br>)<br>) (1) RECIPROCAL DISCOVERY; AND<br>) (2) FINGERPRINT EXEMPLARS<br>)<br>) |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

Karen P. Hewitt, United States Attorney, and Eugene S. Litvinoff, Assistant U.S. Attorney, and

hereby files its Response and Opposition to the motion filed on behalf of the above-captioned

defendant and hereby files its Motions For Reciprocal Discovery and Fingerprint Exemplars. This

1   Response and Opposition and Motions For Reciprocal Discovery and Fingerprint Exemplars is

2   based upon the files and records of this case.

**I**

**INDICTMENT**

On March 12, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Rigoberto Hernandez-Rivera ("Defendant") with attempted illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326. On March 13, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

A.   **IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on January 23, 2008. Defendant was last physically removed from the United States on January 23, 2008.

B.   **RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 7/7/2005 | CASC – San Bernardino | Cal. Penal Code § 664/286 – Attempted Sodomy with Force<br><br>Cal. Penal Code § 664/207(a) – Attempted Kidnaping | 866 days jail;<br>3 years probation |

C.   **INSTANT OFFENSES**

1.   **Apprehension**

On January 24, 2008, at approximately 8:38 p.m., Defendant was discovered hidden in the rear cargo area of a brown 1991 Ford Aerostar bearing Baja California, Mexico license plate number BBK-56-40. At that time, an individual by the name of Oscar Medina-Castaneda drove the Aerostar into the San Ysidro, California Port of Entry. With Castaneda was one visible

Government's Response – U.S. v. Hernandez-Rivera

1    passenger.  Defendant was one of 8 undocumented aliens lying on the floor of the cargo area of

2    the vehicle.

3        **2.    <u>Advice of Rights</u>**

4        Defendant was advised of his <u>Miranda</u> rights in the Spanish language at approximately

5    12:14 a.m. on January 25, 2008.  Defendant elected to invoke his rights.

6        **3.    <u>Phone Call</u>**

7        Defendant elected to make a phone call.  He contacted his "common law" wife, Ester

8    Garibay, and advised her that he had been caught at the Border and that he was to be in front of

9    a judge.

10                                **III**

11                    **<u>POINTS AND AUTHORITIES</u>**

12   **A.    ALL OF DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT ARE WITHOUT MERIT AND SHOULD BE DENIED**

13
14       **1.    The Indictment Properly Alleges All Necessary Elements of the Charged Offense**

15       Relying on the Ninth Circuit's recent decision in <u>United States v. Salazar-Lopez</u>, 506 F.3d

16   748 (9th Cir. 2007), Defendant argues that the indictment must be dismissed because "it fails to

17   allege either a specific removal date or the temporal relationship between that removal and a prior

18   conviction."  [Def. Mot. at 2. ]  Not only is Defendant mistaken, but <u>Salazar-Lopez</u> approves of

19   the language that is found in the indictment against this Defendant.  Specifically, the Ninth Circuit

20   stated that "the date of the removal, <u>or at least the fact that [Defendant] had been removed *after*</u>

21   <u>his conviction, should have been alleged in the indictment and proved to the jury</u>."  <u>Salazar-Lopez</u>,

22   at 752 (emphasis added).  The indictment addressed by the Ninth Circuit in <u>Salazar-Lopez</u> did not

23   have the requisite language, and therefore the Court performed a harmless error analysis.  <u>Id.</u> at

24   752-56.  Here, however, the indictment expressly states: "It is further alleged that defendant

25   RIGOBERTO HERNANDEZ-RIVERA was removed from the United States subsequent to July

26
27
28
Government's Response – U.S. v. Hernandez-Rivera

1 | 7, 2005." Because this kind of language is required by the Ninth Circuit, Defendant's motion must

2 | be denied.[1]

3 | ## 2.   The Indictment Does Not Violate Defendant's Right to Presentment

4 | Defendant's second argument is that the indictment violates his rights under the Fifth

5 | Amendment's Presentment Clause. Defendant claims that: (1) there is no indication that the grand

6 | jury "was charged with the legal meaning of the word 'removal' . . . as opposed to being simply

7 | removed from the United States in a colloquial sense"; and (2) there is a "very real possibility that

8 | the government alleged one deportation to the grand jury to sustain its allegation that Mr.

9 | Hernandez-Rivera was removed from the United States, but will attempt to prove at trial a wholly

10 | different deportation to sustain its trial proof." [Def. Mot. at 3-4]. Defendant's claims lack merit.

11 | In the first place, there is no basis for Defendant to argue that the Government might try

12 | to offer evidence of a removal that differs from the one presented to the grand jury, much less that

13 | this would be improper. As the Court is aware, Defendant's argument is undercut by the fact that

14 | the Government often presents evidence in § 1326 prosecutions of multiple deportations. This

15 | longstanding practice belies Defendant's claim that the Government is limited to proving one

16 | deportation and that this particular deportation must be presented to the grand jury. Even apart

17 | from that practice, it is not at all clear that an element of § 1326 is the *date* of a deportation rather

18 | than the *fact* of deportation itself. If Covian-Sandoval, 462 F.3d at 1097-98, does not hold that the

19 | date is an element of the offense, then the Presentment Clause is not even implicated. In any event,

20 | this is a moot point, as the Government has produced discovery showing precisely when Defendant

21 | was removed from the United States subsequent to March 26, 2001—the date alleged in the

22 | indictment.

23 | Furthermore, the Court should reject Defendant's motion to dismiss the indictment based

24 | on his speculation regarding the adequacy of the instructions to the grand jury regarding legal

[1] Oddly, Defendant later argues that this very language is surplusage that must be struck from the indictment. [Def. Mot. 6-7.] The Government fails to understand the diametrically inconsistent legal positions taken by Defendant.

1  terms such as "removal" or "deportation."  The U.S. Supreme Court has held that the Fifth

2  Amendment right not to be tried for a crime not presented to a grand jury is triggered by "only a

3  defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment

4  no longer to be an indictment." <u>Midland Asphalt Corp. v. United States</u>, 489 U.S. 794, 802 (1989).

5  If a grand jury returns an indictment when there is insufficient evidence to indict, the greatest

6  safeguard is the petit jury and the rules governing its determination of guilty.  <u>United States v.</u>

7  <u>Sears, Roebuck & Co.</u>, 719 F.2d 1386, 1392 n.7 (9th Cir. 1983).  An accused's *only* cognizable

8  interest in grand jury proceedings—and thus the *only* interest that courts can vindicate by

9  dismissing an indictment on constitutional grounds—is the right to have a legally constituted grand

10  jury make an informed and independent evaluation of the evidence to determine if there is probable

11  cause to believe him guilty of a crime.  <u>Id.</u> (citing <u>United States v. Wright</u>, 667 F.2d 793, 796 (9th

12  Cir. 1982) (assuming erroneous grand jury instructions but still refusing to dismiss indictment)).

13  The defendant must show that the prosecutor's conduct was "so flagrant" that it deceived the grand

14  jury in a significant way, thereby infringing on its ability to exercise independent judgment.  <u>See</u>

15  <u>Wright</u>, 667 F.2d at 796.

16    In <u>United States v. Kenny</u>, 645 F.2d 1323 (9th Cir. 1981), the Ninth Circuit rejected the

17  defendant's request to dismiss the indictment on the basis of his allegation that the grand jury

18  returned a true bill without any instruction on the applicable law.  The Court stated that it was "not

19  persuaded that the Constitution imposes the additional requirement that grand jurors receive legal

20  instructions" and warned that "the giving of such instructions portends protracted review of their

21  adequacy and correctness." <u>Id.</u> at 1347.

22    In this case, Defendant seeks to accomplish precisely what <u>Kenny</u> feared.  Namely, he

23  wishes for this Court to review the adequacy and correctness of any instruction to the grand jury.

24  The Court cannot do so.  This is particularly true considering that even if there was

25  evidence—rather than merely Defendant's speculation—that the grand jury was not instructed on

26  an element of the offense, this would not be sufficient grounds to compel the dismissal of the

27

28
Government's Response – U.S. v. Hernandez-Rivera

1   indictment.  See United States v. Larrazolo, 869 F.2d 1354, 1359 (9th Cir. 1989), overruled on

2   other grounds by Midland Asphalt, 489 U.S. at 799-800.

3          Defendant does not and cannot credibly allege that the Government attempted to mislead

4   the grand jury.  Furthermore, there is no basis to suppose that the grand jury was impaired in its

5   ability to independently evaluate the evidence.  Because Defendant has nothing but pure

6   speculation to support his motion to dismiss, it should be denied.  Especially when viewed in

7   conjunction with his request for production of grand jury transcripts, see infra Part III.C, the

8   motion is nothing more than a fishing expedition.

9          **3.     Defendant's Motion to Dismiss the Indictment Due to
               Misinstruction to the Grand Jury Should be Denied**

10

11         Defendant has filed an attack upon Judge Larry A. Burns' instructions to the Grand Jury

12  that was empaneled on January 11, 2008.  Every district judge to consider this motion has rejected

13  it as baseless.  Government counsel is aware of three written orders issued denying this motion.

14  [See Judge John A. Houston Orders, Attachments A and B; see also Judge Barry T. Moskowitz

15  Order, Attachment C.]  For the reasons stated in the prior orders, this Court should also deny

16  Defendant's motion.

17         **4.     Defendant's Motion to Dismiss the Indictment Because the
               Charging Statute is Unconstitutional Should be Denied**

18         Defendant acknowledges that current Ninth Circuit law forecloses this argument, and that

19  he only raises it for the purpose of appeal.  [Def. Mot. at 5.]  As such, this motion should once

20  again be denied.

21
    **B.     DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE
22          INDICTMENT SHOULD BE DENIED**

23
           Defendant's next argument, essentially, is that any portion of the indictment that does not
24
    strictly recite what he believes are the elements of § 1326 should be stricken as surplusage.
25
    Although at direct odds with his motion to dismiss for failure to allege all necessary elements of
26

27

28
Government's Response – U.S. v. Hernandez-Rivera

1   the offense charge, he asks this Court to strike the Government's allegation that he was removed

2   subsequent to July 7, 2005.  The Court should deny Defendant's request.

3         "The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect a defendant

4   against 'prejudicial or inflammatory allegations that are neither relevant nor material to the

5   charges.'" United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988) (quoting United States v.

6   Ramirez, 710 F.2d 535, 544-55 (7th Cir. 1983)).  However, even if facts contained in an

7   indictments allegations are prejudicial, they should not be stricken if they are material and relevant

8   to the charges.  Id.

9         The date of Defendant's removal is material and relevant to the charge under § 1326.

10  Although the Government need not take the position that Covian-Sandoval engrafted a new

11  element onto § 1326, the date of Defendant's deportation in relation to his prior conviction is

12  relevant for sentencing purposes under § 1326(b).  Defendant's own pleadings maintain that

13  Covian-Sandoval requires the Government to prove that he was removed subsequent to a

14  conviction in order to trigger the enhanced statutory maximum contained in § 1326.  [Def. Mot.

15  at 4.].  As such, the fact that Defendant was deported after July 7, 2005 (the date of his convictions

16  under California Penal Code Sections 207(a) and 286 for attempted kidnaping and attempted

17  sodomy, is the "functional equivalent" of an element under § 1326.  See United States v. Minore,

18  292 F.3d 1109, 1116-17 (9th Cir. 2002); United States v. Buckland, 289 F.3d 558, 564-68 (9th Cir.

19  2002) (en banc).  Therefore, this date should be submitted to the jury.[2]  See Buckland, 289 F.3d

20  at 568 (holding that material facts increasing sentence should be submitted to jury).  The allegation

21  is neither prejudicial nor inflammatory.  As such, Defendant's request to strike the allegation

22  should be denied.

23

24

25

26  [2]  Of course, contrary to the claim in a footnote of Defendant's brief, this does not
    imply that United States v. Almendarez-Torres, 523 U.S. 224 (1998), has been
27  overruled.  At minimum, the fact of Defendant's prior conviction will still be
    entrusted to the Court's determination.

28

Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

1  **C.  DEFENDANT'S MOTION TO PRODUCE GRAND JURY TRANSCRIPTS SHOULD BE DENIED**

2

3  Defendant seeks production of the grand jury transcripts yet fails to support his motion with

4  anything even remotely approximating the requisite need to invade the sanctity of the grand jury's

5  deliberations.  As such, his motion should be denied.

6  The need for grand jury secrecy remains paramount unless the defendant can show "a

7  particularized need" that outweighs the policy of grand jury secrecy.  United States v. Walczak,

8  783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985).

9  Defendant has not suggested any ground on which proceedings before the grand jury would

10  warrant dismissal of the indictment.  It is well settled that the grand jury may indict someone based

11  on inadmissible evidence or evidence obtained in violation of the rights of the accused.  See United

12  States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on evidence obtained in

13  violation of defendant's right against self-incrimination); United States v. Calandra, 414 U.S. 338,

14  343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought based on evidence

15  obtained in violation of defendant's right against self-incrimination) ; Lawn v. United States, 355

16  U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth

17  Amendment nor any other constitutional provision prescribes the kind of evidence upon which

18  grand juries must act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969);

19  Johnson v. United States, 404 F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th

20  Cir. 1968);  Huerta v. United States, 322 F.2d 1 (9th Cir. 1963).

21  The Ninth Circuit has recognized the grand jury's unique history, secrecy, and role.  See

22  United States v. Navarro-Vargas, 408 F.3d 1184, 1188-1201 (9th Cir. 2005).  Tracing the history

23  of the grand jury from English common law, the U.S. Supreme Court has observed that grand

24  jurors were not hampered by technical or evidentiary laws, and traditionally could return

25  indictments based not on evidence presented to them at all, but on their own knowledge of the

26  facts.  See Costello, 350 U.S. at 363.  In light of this tradition, the Court held that "neither the Fifth

27  Amendment nor any other constitutional provision prescribes the kind of evidence upon which

28

Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

1  grand juries must act," and that grand jury indictments could not be challenged based on the

2  insufficiency or incompetence of the evidence.  Id.  Rather, "[a]n indictment returned by a legally

3  constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its

4  face, is enough to call for trial of the charge on the merits."  Id. at 409.

5       There is no basis upon which to dismiss the Superseding Indictment.  Indeed, Defendant

6  does not and cannot identify a single untoward thing that might have occurred before the grand

7  jury which could possibly warrant dismissal.  As such, his request for transcripts should be denied.

8

9  **D.    THE GOVERNMENT WILL CONTINUE TO COMPLY WITH ALL ITS DISCOVERY OBLIGATIONS**

10

11      The Government intends to fully comply with its discovery obligations under Brady v.

12  Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal

13  Rules of Criminal Procedure.  The Government has made approximately 70 pages of discovery and

14  a DVD recording available to the defense.  The Government anticipates that most discovery issues

15  can be resolved amicably and informally, and has addressed Defendant's specific requests below.

16      **(1)    The Defendant's Statements**

17      The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

18  provide to Defendant the substance of Defendant's oral statements and Defendant's written

19  statements.  The Government has produced all of Defendant's written and videotaped statements

20  that are known to the undersigned Assistant U.S. Attorney at this date.  If the Government

21  discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or

22  Rule 16(a)(1)(B), such statements will be provided to Defendant.

23      The Government has no objection to the preservation of the handwritten notes taken by any

24  of the Government's agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th

25  Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective

26  government witnesses).  However, the Government objects to providing Defendant with a copy

27  of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes

28

Government's Response – U.S. v. Hernandez-Rivera

1  where the content of those notes have been accurately reflected in a type-written report.  See

2  United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573,

3  583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where

4  there are "minor discrepancies" between the notes and a report).  The Government is not required

5  to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"

6  (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim

7  narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United

8  States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not

9  constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d

10  1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes

11  were scattered and all the information contained in the notes was available in other forms).  The

12  notes are not Brady material because the notes do not present any material exculpatory

13  information, or any evidence favorable to Defendant that is material to guilt or punishment.

14  Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither

15  favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,

16  27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

17  was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable

18  under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

19      **(2)    Arrest Reports and Notes**

20      The United States has provided the Defendant with arrest reports. As noted previously,

21  agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16

22  discovery.

23      **(3)    Brady Material**

24      The United States is well aware of and will continue to perform its duty under Brady v.

25  Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose

26  exculpatory evidence within its possession that is material to the issue of guilt or punishment.

27  Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be,

28
Government's Response – U.S. v. Hernandez-Rivera

1   favorable to the accused, or which pertains to the credibility of the United States' case.  As stated

2   in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution

3   does not have a constitutional duty to disclose every bit of information that might affect the jury's

4   decision; it need only disclose information favorable to the defense that meets the appropriate

5   standard of materiality."  <u>Id.</u> at 774-75 (citation omitted).

6       The United States will turn over evidence within its possession which could be used to

7   properly impeach a witness who has been called to testify.

8       Although the United States will provide conviction records, if any, which could be used

9   to impeach a witness, the United States is under no obligation to turn over the criminal records of

10  all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976).  When disclosing such

11  information, disclosure need only extend to witnesses the United States intends to call in its case-

12  in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>,

13  607 F.2d 1305, 1309 (9th Cir. 1979).

14      Finally, the United States will continue to comply with its obligations pursuant to

15  <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

16      **(4)    <u>Sentencing Information</u>**

17      Defendant claims that the United States must disclose any information affecting

18  Defendant's sentencing guidelines because such information is discoverable under <u>Brady v.</u>

19  <u>Maryland</u>, 373 U.S. 83 (1963).  The United States respectfully contends that it has no such

20  disclosure obligation under <u>Brady</u>.

21      The United States is not obligated under <u>Brady</u> to furnish a defendant with information

22  which he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986).  <u>Brady</u>

23  is a rule of disclosure, and therefore, there can be no violation of <u>Brady</u> if the evidence is already

24  known to the defendant.  In such case, the United States has not suppressed the evidence and

25  consequently has no <u>Brady</u> obligation.  <u>See</u> <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

26      But even assuming Defendant does not already possess the information about factors which

27  might affect his guideline range, the United States would not be required to provide information

28

Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

**(5)    Defendant's Prior Record**

The United States has provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

**(6)    Proposed 404(b) and 609 Evidence**

Should the United States seek to introduce any similar act evidence pursuant to Federal Rule of Evidence 404(b), or prior convictions pursuant to Rule 609, the United States will provide Defendant with official notice of its proposed use of such evidence and information about such bad acts or prior convictions at the time the United States' trial memorandum is filed.

In an abundance of caution, the United States hereby notices Defendant that it intends to introduce evidence of any prior illegal crossings into the United States and/or deportations and removals for which discovery has been provided. Also, should Defendant choose to testify at trial, the United States intends to impeach his testimony with his 2005 felony convictions for: (1) attempted kidnaping, in violation of California Penal Code § 207 and (2) attempted sodomy, in violation of California Penal Code § 286.

**(7)    Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

**(8)     Preservation of Evidence**

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules.  However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

**(9)     Henthorn Material**

Again, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(10)     Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

Defense counsel has already reviewed the A-File at the U.S. Attorney's Office, and all A-File documents specifically requested have been produced in discovery.  The Government is still awaiting arrival of the audio tape of Defendant's 1992 deportation proceeding.  Once received, a copy will be provided to Defendant.

Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

1

**(11)    Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

**(12)    Evidence of Bias or Motive to Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant.  The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(13)    Impeachment Evidence**

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief.  When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief.  United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(14)    Criminal Investigation of Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a

Government's Response – U.S. v. Hernandez-Rivera

1    defendant with the criminal records of the Government's intended witnesses.") (citing <u>Taylor</u>, 542

2    F.2d at 1026).

3    **(15)    Evidence Affecting Perception, Recollection, Communication or Truth-Telling**

4    The United States is unaware of any evidence indicating that a prospective witness has a

5    problem with perception, recollection, communication, or truth-telling.

6    **(16)    Jencks Act Material**

7    The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

8    on direct examination, the Government must give the Defendant any "statement" (as defined by

9    the Jencks Act) in the Government's possession that was made by the witness relating to the

10   subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

11   Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

12   by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

13   oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

14   are read back to a witness to see whether or not the government agent correctly understood what

15   the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

16   Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United</u>

17   <u>States</u>, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

18   material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act

19   material well in advance of trial to avoid any needless delays.

20   **(17)    Giglio Information**

21   As stated previously, the United States will comply with its obligations pursuant to <u>Brady</u>

22   <u>v. Maryland</u>, 373 U.S.  83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.

23   1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

24   **(18)    Agreements Between the Government and Witnesses**

25   The Government has not made or attempted to make any agreements with prospective

26   Government witnesses for any type of compensation for their cooperation or testimony.

27

28   Government's Response – U.S. v. Hernandez-Rivera

1

    **(19)     Informants and Cooperating Witnesses**

2

    At this time, the Government is not aware of any confidential informants or cooperating

3

witnesses involved in this case.  The Government must generally disclose the identity of

4

informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial

5

to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957).  If there is a confidential

6

informant involved in this case, the Court may, in some circumstances, be required to conduct an

7

in-chambers inspection to determine whether disclosure of the informant's identity is required

8

under <u>Roviaro</u>.  <u>See</u> <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997).  If the

9

Government determines that there is a confidential informant somehow involved in this case, the

10

Government will either disclose the identity of the informant or submit the informant's identity to

11

the Court for an in-chambers inspection.

12

    **(20)     Bias by Informants or Cooperating Witnesses**

13

    As stated previously, the United States will comply with its obligations pursuant to <u>Brady</u>

14

<u>v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.

15

1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

16

    **(21)     Inspection and Copying of A-File**

17

    The United States does not oppose this request.  The Government will work with defense

18

counsel to come to a mutually agreeable time to inspect Defendant's A-File at the United States

19

Attorney's Office.

20

    **(22)     Residual Request**

21

    The Government has already complied with Defendant's request for prompt compliance

22

with its discovery obligations.  The Government will comply with all of its discovery obligations,

23

but objects to the broad and unspecified nature of Defendant's residual discovery request.

24

25

**E.     THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER
MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

26

27

28

Government's Response – U.S. v. Hernandez-Rivera

1       The Government does not object to the granting of leave to file further motions as long as

2    the order applies equally to both parties and any additional defense motions are based on newly

3    discovered evidence or discovery provided by the Government subsequent to the instant motion.

4    **IV**

5    **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

6    **A.**    **ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

7       Since the Government will honor Defendant's request for disclosure under Rule

8    16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to

9    Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy

10    and photograph any and all books, papers, documents, photographs, tangible objects, or make

11    copies or portions thereof, which are within the possession, custody, or control of Defendant and

12    which Defendant intends to introduce as evidence in his case-in-chief at trial.

13       The Government further requests that it be permitted to inspect and copy or photograph any

14    results or reports of physical or mental examinations and of scientific tests or experiments made

15    in connection with this case, which are in the possession and control of Defendant, which he

16    intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom

17    Defendant intends to call as a witness.  The Government also requests that the Court make such

18    order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives

19    the reciprocal discovery to which it is entitled.

20    **B.**    **RECIPROCAL JENCKS – STATEMENTS BY DEFENSE WITNESSES**

21       Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

22    production of the prior statements of all witnesses, except a statement made by Defendant.  The

23    time frame established by Rule 26.2 requires the statements to be provided to the Government after

24    the witness has testified.  However, to expedite trial proceedings, the Government hereby requests

25    that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

26    before trial to be set by the Court.  Such an order should include any form in which these

27

28

Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

1   statements are memorialized, including but not limited to, tape recordings, handwritten or typed

2   notes and reports.

3

**V**

4

**GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

5        As part of its case, the United States must prove that Defendant was previously deported

6   from the United States.  To prove this element, the United States anticipates calling a certified

7   fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the

8   warrants of deportation and other deportation documents.  A number of chain of custody witnesses

9   could be eliminated, and judicial resources conserved, by permitting the Government's expert to

10   take Defendant's fingerprints himself.  The Defendant's fingerprints are not testimonial evidence.

11   See Schmerber v. California, 384 U.S. 757 (1966).  Further, using identifying physical

12   characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against

13   self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United

14   States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043

15   (D. Mont. 1987).  Accordingly, the Government requests that the Court order that Defendant make

16   himself available for fingerprinting by the Government's fingerprint expert.

17

**VI**

18

**CONCLUSION**

19        For the foregoing reasons, the United States requests that the Court deny Defendant's

20   motions, except where unopposed, and grant the United States' motions for reciprocal discovery

21   and fingerprint exemplars.

22        DATED: April 7, 2008

Respectfully submitted,

23

KAREN P. HEWITT
United States Attorney

24

25

/s/ *Eugene S. Litvinoff*

26

_____
EUGENE S. LITVINOFF
Assistant U.S. Attorney

27

28  Government's Response – U.S. v. Hernandez-Rivera

07CR0719-L

1

2

3                    UNITED STATES DISTRICT COURT

4                  SOUTHERN DISTRICT OF CALIFORNIA

5

6   UNITED STATES OF AMERICA,        )          Case No. 08CR0719-L
                                     )
7                 Plaintiff,         )
                                     )
8         v.                         )
                                     )          CERTIFICATE OF SERVICE
9   RIGOBERTO HERNANDEZ-RIVERA,      )
                                     )
10                Defendant.         )
    _____)

11  IT IS HEREBY CERTIFIED THAT:

12        I, EUGENE S. LITVINOFF, am a citizen of the United States and am at least eighteen
    years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-
13  8893.

14        I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO
    DEFENDANT' MOTIONS and GOVERNMENT'S MOTIONS FOR RECIPROCAL
15  DISCOVERY AND FINGERPRINT EXEMPLARS** on the following parties by electronically
    filing the foregoing with the Clerk of the District Court using its ECF System, which electronically
16  notifies them.

17        **1.    Jennifer L. Coon, Esq.**

18        I hereby certify that I have caused to be mailed the foregoing, by the United States Postal
    Service, to the following non-ECF participants on this case:
19
          N/A
20
    the last known address, at which place there is delivery service of mail from the United States
21  Postal Service.

22        I declare under penalty of perjury that the foregoing is true and correct.

23        Executed on April 7, 2008.

24                                      /s/ *Eugene S. Litvinoff*
                                        _____
25                                      EUGENE S. LITVINOFF
                                        Assistant U.S. Attorney

26

27

28
Government's Response – U.S. v. Hernandez-Rivera