**JENNIFER L. COON**
California State Bar No. 203913
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
email: Jennifer_Coon@fd.org

Attorneys for Mr. Hernandez-Rivera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR0719-L |
| Plaintiff, | DATE: August 25, 2008 |
| | TIME: 10:00 a.m. |
| v. | |
| RIGOBERTO HERNANDEZ-RIVERA, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE* |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

Mr. Hernandez-Rivera hereby incorporates by reference his previously filed statement of facts. These motions follow.

**II.**

**THIS COURT SHOULD PRECLUDE EVIDENCE
OF OTHER INDIVIDUALS IN THE VEHICLE**

Mr. Hernandez-Rivera anticipates that the government may seek to admit evidence regarding other individuals in the vehicle in which Mr. Hernandez-Rivera was allegedly found. Specifically, discovery indicates that, when the vehicle arrived at the port of entry, there was a driver and front seat passenger presenting false documents, as well as seven other passengers lying on the floor of the cargo area. The driver and each of the eight other passengers was subsequently deported to Mexico without prosecution. Evidence

regarding the presence of these other passengers, the driver and passenger's alienage and immigration status, as well as any statements they might have made, should be precluded as irrelevant under Federal Rule of Evidence 401, unduly prejudicial and likely to confuse and mislead the jury under Federal Rule of Evidence 403, inadmissible hearsay under Federal Rules of Evidence 801 and 802, and violative of Mr. Hernandez-Rivera's constitutional rights to confrontation, due process and a fair trial under the Fifth and Sixth Amendments. U.S. Const. Amends. V, VI; Crawford v. Washington, 541 U.S. 36 (2004) (holding that admission of testimonial statements of a witness who does not appear at trial who the defendant did not have a prior opportunity to cross-examine violates the confrontation clause of the Sixth Amendment).

According to discovery, the driver and eight other passengers found in the vehicle were undocumented aliens. They were each removed from the United States, without any waiver by Mr. Hernandez-Rivera of his Lujan-Castro rights. See United States v. Lujan-Castro, 602 F.2d 877 (9th Cir. 1979) (waiver of right to retain deportable alien witnesses must be knowing and intelligent). Accordingly, Mr. Hernandez-Rivera never had an opportunity to interview, much less cross-examine, those individuals regarding their presence in the vehicle, their alienage and immigration status, the circumstances of their arrest, or any statements they might have made. The unavailability of these percipient witnesses is due to the government's unilateral decision to deport them, without making them available for interview or cross-examination. As a result, admission of any evidence regarding these other individuals would violate Mr. Hernandez-Rivera's Fifth and Sixth Amendment rights to due process and a fair trial. U.S. Const. Amends. V, VI. Likewise, any out-of-court statements by these individuals would be inadmissible hearsay under Federal Rules of Evidence 801 and 802. Admission of such evidence would also violate Mr. Hernandez-Rivera's Sixth Amendment right to confront and cross-examine the witnesses against him. U.S. Const. Amend. VI; Crawford, 541 U.S. 36.

Even if these individuals were available to testify personally at trial, which they are not, evidence regarding their presence is inadmissible under Rules 401 and 403. Whether or not their were other people in the car, what those people were doing there, or whether they had a legal right to enter the United States, is irrelevant to any issue in this case. In particular, such evidence has no bearing on whether *Mr. Hernandez-Rivera* had the conscious desire to enter the United States illegally. Likewise, such evidence would be extremely and unduly prejudicial and would likely confuse and mislead the jury. There is great danger that

1  the jury will assume that Mr. Hernandez-Rivera is guilty of attempted entry merely because they believe that
2  others in the car -- who have been deported and are unavailable for cross-examination -- are guilty too.
3  Accordingly, such evidence must be precluded.

### III.

### THIS COURT SHOULD PRECLUDE EVIDENCE REGARDING USE OF FALSE DOCUMENTS BY OTHER INDIVIDUALS IN THE VEHICLE

7  The government may also seek to admit evidence regarding the use of false documents by other
8  individuals in the vehicle in which Mr. Hernandez-Rivera was allegedly found. According to discovery,
9  when the vehicle arrived at the port of entry, the driver and front seat passenger of the vehicle each
10 presented border crossing cards in false names. Each of these individuals was subsequently deported to
11 Mexico without prosecution. Evidence regarding their use of false documents should be precluded as
12 irrelevant under Federal Rule of Evidence 401, more prejudicial than probative and confusing and
13 misleading to the jury under Federal Rule of Evidence 403, inadmissible hearsay under Federal Rule of
14 Evidence 801 and 802, and violative of Mr. Hernandez-Rivera's constitutional rights to confrontation,
15 due process, and a fair trial under the Fifth and Sixth Amendments. U.S. Const. Amends. V, VI;
16 Crawford v. Washington, 541 U.S. 36 (2004).

17  The government deported the driver and front seat passenger, without any waiver by Mr.
18 Hernandez-Rivera of his Lujan-Castro rights. Accordingly, Mr. Hernandez-Rivera never had an
19 opportunity to interview, much less cross-examine, these individuals regarding their use of false
20 documents. Moreover, whether or not these individuals attempted to illegally enter the United States, or
21 used false documents in that attempt, has no bearing on *Mr. Hernandez-Rivera's* conscious desire to
22 enter the United States. Again, there is great danger that the jury will assume that Mr. Hernandez-Rivera
23 is guilty of attempted entry merely because he was associated with other individuals -- not available for
24 cross-examination -- who used false documents. Accordingly, such evidence must be precluded.
25 //
26 //
27 //
28 //

IV.

**THIS COURT SHOULD PRECLUDE ANY EVIDENCE
UNDER FEDERAL RULE OF EVIDENCE 404(B) AND 609**

The Court should preclude the Government from introducing any Rule 404(b) or Rule 609 evidence. The Court should preclude 404(b) evidence because the Government has failed to provide any notice, and the Government has not established that such evidence is relevant. All Rule 609 evidence should be precluded because it is irrelevant, and any probative value is substantially outweighed by its prejudicial effect.

**A.     This Court Should Exclude All 404(b) Evidence.**

This Court should exclude all 404(b) evidence because the Government has failed to comply with its obligation to provide timely notice. Rule 404(b) requires that the Government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. FED. R. EVID. 404(b). The notice requirement is triggered when timely requested by the defendant. United States v. Vega, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Hernandez-Rivera requested notice in his January 30, 2008 motion for discovery. To date, government counsel has not indicated that she intends to offer such evidence; therefore, the Government should be precluded from introducing such evidence at trial.

Moreover, the Government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case; therefore, "it must articulate precisely *the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." United States v, Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (citing United States v. Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); accord United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993). Because the Government has not presented an evidential hypothesis, this evidence must be excluded under Federal Rules of Evidence 401, 404(b) and 403.

**B.     This Court Should Exclude All 609 Evidence.**

Under Rule 609, evidence of prior convictions is usually admissible only under certain circumstances, and in the discretion of the Court. Federal Rule of Evidence 609(a)(1) restricts impeachment of the accused by evidence of a prior conviction to only those offenses for which the Court determines that the probative value outweighs its prejudicial effect to the accused. The Government should be precluded

from introducing any evidence of prior convictions because it is irrelevant under Federal Rule of Evidence 401 and prejudicial under Federal Rule of Evidence 403. Even if Mr. Hernandez-Rivera were to testify at trial, the danger of unfair prejudice would substantially outweigh any possible relevance of his prior offense. Fed. R. Evid. 401, 403 & 609.

To the extent that this Court rules that Mr. Hernandez-Rivera's alleged prior convictions are admissible under Federal Rule of Evidence 609, this Court should redact any documents referencing, and preclude the prosecutor from referring to, the offense and specific facts of any crime for which Mr. Hernandez-Rivera was convicted. Such information would be more prejudicial than probative of Mr. Hernandez-Rivera's guilt of the charged offense.

## V.

**THE GOVERNMENT MUST BE PRECLUDED FROM USING DEPORTATION DOCUMENTS AS EVIDENCE OF ALIENAGE**

**A.    The Warrant of Removal and the Order from an Immigration Judge Are Only Admissible to Establish the Fact of the Removal, *Not* Alienage.**

Mr. Hernandez-Rivera expects that the Government will seek to introduce a warrant of deportation and a order from an immigration judge to establish the fact of his alleged deportation. These two documents are admissible *only* to establish the fact of the deportation. See, e.g., United States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995); United States v. Hernandez-Rojas, 617 F.2d 533, 535-36 (9th Cir. 1980). Neither the warrant of removal, nor the order from an immigration judge, reflect the "objective, ministerial fact" of alienage; accordingly, neither are admissible under Federal Rule of Evidence 803(8)(B) to establish the fact of alienage.

Both the warrant of removal and the order from an immigration judge reflect the ministerial fact of the *removal*, not Mr. Hernandez-Rivera's alleged alienage. As the Ninth Circuit has explained:

> **Clearly it would be improper for the government to rely on factual findings from a deportation hearing to prove an element of the crime of illegal reentry, as the burden of proof in a criminal proceeding requires a greater showing by the government than in an administrative hearing.** The use of a deportation order to prove the element of alienage would allow the government to skirt around the more stringent requirements of a criminal proceeding by relying on that factual finding from the INS proceeding. To put it more simply, the government would demonstrate that Medina is an alien by showing that the INS found that he was an alien.

United States v. Medina, 236 F.3d 1028, 1030, 1031 (9th Cir. 2001) (emphasis added). Simply put, alienage is not a fact that is observed; it is a fact that is "found" by an immigration official, and the order of deportation reflects the quintessential "factual finding" rendered after an administrative hearing. Likewise, the warrant of removal reflects only that a field office director concluded that Mr. Hernandez-Rivera was an alien and that Mr. Hernandez-Rivera may have been removed from the United States—it has no bearing whatsoever on the fact of alienage. Accordingly, the warrant of removal and order from an immigration judge are not admissible under Federal Rule of Evidence 803(8) or Federal Rule of Evidence 401 to establish the fact of alienage.[1]

Finally, to the extent that this Court finds that these documents are relevant under Federal Rule of Evidence 401, these documents should still be excluded pursuant to Federal Rule of Evidence 403, because their probative value is substantially outweighed by their prejudicial effect. Both the warrant of removal and order from an immigration judge make reference to an "alien;" even more troubling, in the context of these documents, the term "alien" is associated *with* Mr. Hernandez-Rivera, who presumably is the "alien" to which the documents refer. In the face of these quasi-official Government documents proclaiming Mr. Hernandez-Rivera to be an "alien," there is a real danger that jurors will no longer see the alienage element of 8 U.S.C. § 1326 as an open question that the Government must prove beyond a reasonable doubt.

Should the Court nonetheless admit these documents, Mr. Hernandez-Rivera requests that this Court instruct the jury, pursuant to Federal Rule of Evidence 105, that it may only consider the warrant of removal and order from an immigration judge to establish the fact of the deportation and for no other purpose, and

---

[1] In United States v. Hernandez-Herrera, 273 F.3d 1213, 1217-18 (9th Cir. 2001), the Ninth Circuit stated summarily that A-File documents are admissible under Federal Rule of Evidence 803(8)(B) to establish the fact of alienage. Because the Court failed to set forth any reasoned discussion, failed to discuss the decision in Medina, and did not specify which documents from the A-File were admitted in Mr. Hernandez-Herrera's case, see id., this case is not binding authority, and this Court must still address this issue. See, e.g., Miranda B. v. Kitzhaber, 328 F.3d 1181, 1186 (9th Cir. 2003) (*per curiam*) (requiring "reasoned consideration in a published opinion" for a "ruling [to] becom[e] the law of the circuit"); United States v. Collicott, 92 F.2d 973, 980 n.4 (9th Cir. 1996) (holding that prior Ninth Circuit case is not binding "in the absence of reasoned analysis and analogous facts"). In any event, Hernandez-Herrera never held that these documents were admissible under Federal Rules of Evidence 401 or 403, or the Fifth and Sixth Amendments. See Webster v. Fall, 266 U.S. 507, 512 (1925) (stating that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon are not to be considered as having been so decided as to constitute precedent").

that these documents do not, in and of themselves, establish the fact of alienage. Mr. Hernandez-Rivera further requests that this Court redact these documents to exclude any reference to his alleged alienage.

**B.      None of the Other A-File Documents Are Admissible Under Any Rule of Evidence.**

Mr. Hernandez-Rivera anticipates that the Government may seek to admit other documents from the A-File, including the order to show cause why a person should not be deported and warnings regarding the possible penalties for reentry. None of these documents from the A-File are admissible to establish any matter at issue in this trial. All documents from the A-File—except the warrant of deportation and the order of deportation discussed previously—are irrelevant under Federal Rule of Evidence 401; more prejudicial than probative, cumulative, and a waste of time under Federal Rule of Evidence 403; and inadmissible hearsay under Federal Rule of Evidence 803(8).

**1.      The Notice to Appear Is Inadmissible.**

The Notice to Appear is inadmissible under Federal Rules of Evidence 401, 403, and 803(8). The Notice to Appear is a document that provides an alien with *notice* of the grounds for removal. It does not record the "objective, ministerial fact" of alienage or of a deportation any more than an indictment provides an objective observation that a person committed a crime. This document is nothing more than an *accusation* that the Government must prove in an immigration proceeding.

**2.      The Warnings of Possible Penalties Is Inadmissible.**

Likewise, the warning of possible penalties is inadmissible under Federal Rules of Evidence 401, 403, and 803(8). The warning of possible penalties contains boilerplate statements (drafted by the former INS) regarding the penal consequences to an alien who illegally reenters the country. It has no bearing on whether a defendant is in fact an alien, and it makes no fact at issue in this case more or less probable. This document contains inadmissible hearsay, and is completely irrelevant. It is also more prejudicial than probative. Among other things, given the serious consequences listed on the warning of possible penalties, jurors may be led to speculate what this defendant did to be subject to such harsh penalties upon reentry; needless to say, such speculation is completely irrelevant to the charge at hand, and could be severely prejudicial. Accordingly, the warnings of possible penalties also must be excluded at trial.

**3.      If This Court Finds That These Documents Are Somehow Relevant, They Are Not Admissible to Establish Alienage; Thus, This Court Should Provide the Jury With a Limiting Instruction.**

1   To the extent that this Court finds any A-File document relevant to some point, the document is not admissible to establish Mr. Hernandez-Rivera's alienage. Accordingly, this Court should redact these documents to exclude all references to alienage. Additionally, the Court should instruct the jury as to the limited value of such documents pursuant to Federal Rule of Evidence 105.

**C.   This Court Must Preclude the Admission of the A-File Documents to Establish Alienage to Protect Mr. Hernandez-Rivera's Constitutional Rights.**

Finally, this Court must preclude the admission of A-File documents to establish the fact of alienage to protect Mr. Hernandez-Rivera's rights to confrontation of witnesses and to a jury trial based upon proof beyond a reasonable doubt—rights guaranteed by the Fifth and Sixth Amendments. Because the right to confrontation is not applicable in immigration proceedings, the Government may have met its burden of proving alienage in such a proceeding based upon otherwise inadmissible hearsay. Cunanan v. INS, 856 F.2d 1373, 1374 (9th Cir. 1988). Similarly, because a criminal defendant such as Mr. Hernandez-Rivera never has the opportunity to confront those witnesses upon whose hearsay statements the immigration judge may have relied, the admission of the (former) INS' evaluation of alienage deprives a defendant of his right to confront the witnesses against him.

Additionally, in immigration proceedings, the Government need only establish alienage by clear and convincing evidence. Murphy v. INS, 54 F.3d 605, 608-10 (9th Cir. 1995). Once the Government has established a person's foreign birth, the burden shifts to the purported alien to establish, by a preponderance of the evidence, that he falls within one of the statutory provisions for derivative citizenship. Id. Given the lower burden of proof and the shifting presumption, the admission of A-File documents against a criminal defendant to establish the fact of alienage has the effect of lowering the Government's burden of proving alienage in the criminal trial.

Finally, a determination of alienage by a quasi-judicial decision-maker represents powerful evidence of an element of the offense, and it creates a substantial risk that the jury will give this evidence undue weight or conclusive effect. Cf. Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir. 1993) (internal quotations omitted) (stating "judicial findings of fact 'present a rare case where, by virtue of there having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice'"); Federal Rules of Evidence 803(22), Advisory Committee Note (observing that "it seems safe

to assume that the jury will give [evidence of a criminal judgment] substantial effect unless defendant offers a satisfactory explanation"). The Government's introduction of a Government agency's finding of alienage to establish the fact of alienage carries with it the imprimatur of governmental, if not judicial, approval. The admission of this factual finding undermines a defendant's constitutional right to a reliable jury finding of an essential element.

In sum, because the A-File documents are generated by the Government without the constitutional safeguards surrounding criminal proceedings, it is unconscionable and constitutionally untenable to authorize their admission, as evidence of alienage, in a criminal prosecution. This Court should exclude these documents in their entirety; or, to the extent the Court finds that these documents are admissible to prove some other fact, it should redact these documents to exclude reference to Mr. Hernandez-Rivera's alienage, and instruct the jury as to the documents' limited relevance.

**D.     The Certificate of Nonexistence of Record is Inadmissible Because It Violates the Confrontation Clause of the U.S. Constitution and Allows the Government to Circumvent its Discovery Obligations.**

Mr. Hernandez-Rivera has not received notice that the government intends to introduce a Certificate of Nonexistence of Record (hereinafter "CNER"). Therefore, Mr. Hernandez-Rivera assumes that the government will not attempt to use such a document. Nonetheless, this document is inadmissible because it violates the Confrontation Clause. U.S. Const. Amend. VI; Crawford v. Washington, 541 U.S. 36 (2004) (holding that admission of testimonial statements of a witness who does not appear at trial and who the defendant did not have a prior opportunity to cross-examine violates the confrontation clause of the Sixth Amendment). But see United States v. Cervantes-Flores, 421 F.3d 825 (9th Cir. 2005) (holding that CNER is non-testimonial). If the government changes its position on this issue, Mr. Hernandez-Rivera requests the opportunity to submit further briefing on this issue.

## VI.

### THIS COURT SHOULD COMPEL INSPECTION OF CERTIFIED DOCUMENTS PRE-TRIAL

While Mr. Hernandez-Rivera objects to the introduction of any A-File documents, it is clear that no public record can be introduced unless certified. While the defense has received photocopies of several documents in discovery, it has not received copies of any alleged certifications. Typically, these simply

appear in the middle of trial. Defense counsel requests an opportunity to inspect any alleged certifications pre-trial, so that any issues can be dealt with in a timely and appropriate way.

## VII.

### THIS COURT SHOULD PRECLUDE THE "A-FILE CUSTODIAN" FROM TESTIFYING ABOUT IMMIGRATION PROCEEDINGS

Under the Fifth and Sixth Amendments, a defendant has a constitutional right to a fair trial and to confront witnesses. Additionally, evidence must be relevant and not create confusion, or be prejudicial. FED. R. EVID. 401, 403. Finally, no lay witness is permitted to offer an opinion or testify about specialized knowledge. FED. R. EVID. 702; United States v. Figueroa-Lopez, 125 F.3d 1241, 1245 (9th Cir. 1997) (expert opinion need not be based upon highly technical knowledge; it may be based upon knowledge which would be "unfamiliar" to "the ordinary juror").

In this case, the Government is expected to call the "A-File custodian" to establish the foundation for the admission of selected documents from Mr. Hernandez-Rivera's A-File. It is also expected that the Government will ask the "A-File custodian" how immigration proceedings work and what occurs when an individual is physically deported. Such testimony is inadmissible under Federal Rules of Evidence 401, 403, 702, 802, and its admission would violate Mr. Hernandez-Rivera's rights to a fair trial and to confront witnesses under the Fifth and Sixth Amendments. For example, it is unlikely that the "A-File custodian" has participated in deportation proceedings as either an immigration judge, an immigration attorney, a deportation enforcement officer, or a deportee; thus, he would not be testifying from his or her own personal knowledge, but rather from the hearsay statements of other people who were not presented by the Government for cross-examination by Mr. Hernandez-Rivera. Accordingly, this Court should preclude the "A-File custodian" from testifying about how immigration proceedings work and about the significance of documents related to those proceedings. Rather, assuming the Court finds the A-File documents admissible despite Mr. Hernandez-Rivera's arguments to the contrary, this Court should limit the "A-File custodian's" testimony to laying a foundation for the admission of the A-File documents—and only then to the extent that the "A-File custodian" has the personal knowledge necessary to lay that foundation.

//

//

**VIII.**

**THIS COURT SHOULD PRECLUDE THE "A-FILE CUSTODIAN" FROM TESTIFYING ABOUT SEARCHING DATABASES FOR PERMISSION TO REENTER**

Counsel anticipate that the Government will seek to establish, through the "A-File custodian," that Mr. Hernandez-Rivera lacked permission to reapply for admission to the United States. Typically, this consists of the agent's explaining that he searched two databases and the A-File for a so-called "I-212" form by which an alien can apply for permission to reapply for admission to the United States, and found none. Such testimony is inadmissible under Federal Rules of Evidence 401, 403, 702, 802, 1002, and its admission would violate Mr. Hernandez-Rivera's rights to a fair trial and to confront witnesses under the Fifth and Sixth Amendments.

The best evidence rule provides that the **original** of a "writing, recording, or photograph" is required to prove the contents thereof. FED. R. EVID. 1002. A writing or recording includes a "mechanical or electronic recording" or "other form of data compilation." FED. R. EVID. 1001(1).

> An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it . . . . If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."

FED. R. EVID. 1001(3).

In United States v. Bennett, 363 F.3d 947 (9th Cir. 2004), a case out of this district, the defendant was charged with importation of marijuana and possession with intent to distribute. The agent testified that the boat, which was found in United States' waters, had traveled into the United States from Mexico, based on data the agent saw on the ship's global positioning system. The Court found that the best evidence rule applies in cases, like this one, "when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself-particularly when the witness was not privy to the events those contents describe." Id. at 953 (citing FED. R. EVID. 1002 Advisory Committee's note). The Ninth Circuit held that, based on the best evidence rule, the district court committed reversible error by allowing the introduction of this testimony. Id. at 956.

Here, it is anticipated that the Government will seek to establish that an I-212 form was not submitted, based on an agent's alleged review of data contained on a Government database. Under Rule

1002, however, the best evidence is the database itself, or a report generated from the database, not an agent's testimony. Therefore, the introduction of this testimony is violative of the Rule 1002.

Moreover, as explained previously, under the Fifth and Sixth Amendments, a defendant has a constitutional right to a fair trial and to confront witnesses. Additionally, evidence must be relevant and not create confusion or be prejudicial. FED. R. EVID. 401, 403. Finally, no lay witness is permitted to offer an opinion or testify about specialized knowledge. FED. R. EVID. 702; United States v. Figueroa-Lopez, 125 F.3d 1241, 1245 (9th Cir. 1997) (expert opinion need not be based upon highly technical knowledge; it may be based upon knowledge which would be "unfamiliar" to "the ordinary juror").

The "A-File custodian's" testimony regarding database searches violates these rights on several levels. For example, it is unlikely that the "A-File custodian" has himself or herself input the information he allegedly searches for into the databases that he testifies about; rather, he or she is testifying about what other persons have input (or failed to input). Accordingly, the "A-File custodian" has no personal knowledge whatsoever regarding why information regarding Mr. Hernandez-Rivera does or does not appear in these systems, but is instead testifying from the hearsay statements of other people who were not presented by the Government for cross-examination by Mr. Hernandez-Rivera.

Equally troubling, the "A-File custodian" is not a database or immigration expert. Yet, it is clear that searching complex Government databases for specialized information reflecting legally-complex immigration procedures requires specialized knowledge far outside the ken of a lay witness. Finally, the "A-File custodian's" testimony regarding database searches yielding no evidence of permission to reapply for admission can only serve to confuse the jury and prejudice Mr. Hernandez-Rivera. By allowing the "A-File custodian" to testify in a conclusory manner regarding searches he is not qualified to perform, this Court virtually ensures that the jury will give the "A-File custodian's" testimony far more weight than it is due.

### IX.

### MR. HERNANDEZ-RIVERA MUST BE GIVEN THE OPPORTUNITY TO ATTACK THE CREDIBILITY OF THE HEARSAY DECLARANT

Under the Federal Rules of Evidence and the Fifth and Sixth Amendments to the Constitution, Mr. Hernandez-Rivera must be given the opportunity to attack the credibility of all hearsay declarants. Federal Rule of Evidence 806, provides:

> When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination.

It is anticipated that the Government will attempt to introduce hearsay evidence (*e.g.*, documents, or the lack of documents, from Mr. Hernandez-Rivera's A-File) under a theory that the evidence is admissible under FRE 803(6) ("Records of Regularly Conducted Activity") and 803(7) ("Absence of Entry in Records Kept in Accordance With the Provisions of Paragraph (6)"). The declarant in the context of Rules 803(6) and 803(7) is the business or organization itself (*i.e.*, the Department of Homeland Security ["DHS"] (and its predecessor in interest the Immigration and Naturalization Service ["INS"]). If the Government seeks to introduce hearsay evidence on the basis of Rule 803(6) or 803(7), then Mr. Hernandez-Rivera must be given the opportunity to attack the credibility of the hearsay declarant (*i.e.*, the DHS or INS). The types of impeachment include, but are not limited to, reputation and prior inconsistent statements. See FED. R. EVID. 608; FED. R. EVID. 613(b); United States v. Moody, 903 F.2d 321, 328-29 (5th Cir. 1990). The failure to allow Mr. Hernandez-Rivera the opportunity to impeach the credibility of the hearsay declarant is reversible error and a violation of his Sixth Amendment right to confrontation and his Fifth Amendment right to due process. See Moody, 903 F.2d at 329; see also United States v. Wali, 860 F.2d 588 (3d Cir. 1988).[2]

## X.

### THE COURT SHOULD EXCLUDE THE A-FILE CUSTODIAN FROM THE COURTROOM

The Court shall exclude witnesses (other than a party to the proceeding) from the courtroom "so that they cannot hear the testimony of other witnesses," unless the person's presence is shown "to be essential

---

[2] United States v. Rodriguez-Rodriguez, 393 F.3d 849 (9th Cir. 2005), is not to the contrary. In Rodriguez-Rodriguez, the Ninth Circuit incorrectly determined that the trial court's refusal to allow cross-examination regarding the record keeping practices of the INS did not violate the defendant's rights under the Confrontation Clause. Here, the proposed introduction of testimony is premised on the theory of impeachment of the hearsay declarant. Thus, Rodriguez-Rodriguez is inapplicable.

to the presentation of the party's cause..." or the person is authorized by statute to be present. Fed. R. Evid. 615. The government has made no showing that the A-file custodian is such a person. Traditionally, witnesses such as the A-file custodian do not participate in the arrest or investigation of deported alien cases other than to request and temporarily keep the accused's immigration "A" file. The government will use this witness as nothing more than a custodian to lay a foundation for the admission of certain documents it considers relevant. The Court should treat this witness as any other witness in this case and exclude him from trial.

## XI.

### THIS COURT SHOULD ALLOW ATTORNEY-CONDUCTED VOIR DIRE

Pursuant to Rule 24(a), Federal Rules of Criminal Procedure, to provide effective assistance of counsel and to exercise Mr. Hernandez-Rivera's right to trial by an impartial jury, defense counsel requests the opportunity to personally voir dire the prospective members of the jury.

## XII.

### THIS COURT SHOULD ORDER PRODUCTION OF GRAND JURY TRANSCRIPTS

The Court should order production of grand jury transcripts if a witness who likely will testify at the trial of Mr. Hernandez-Rivera also is likely to have testified before the grand jury. Dennis v. United States, 384 U.S. 855 (1966); Fed. R. Crim. Proc. 26.2(f)(3). The defense requests that the government make such transcripts available in advance of trial to facilitate the orderly presentation of evidence and to remove any need for recess in the proceedings for defense counsel to examine the statements pursuant to Federal Rule of Criminal Procedure 26.2(d).

## XIII.

### THIS COURT SHOULD PROHIBIT THE WITNESSES FROM REFERRING TO MR. HERNANDEZ-RIVERA AS "THE ALIEN"

To convict Mr. Hernandez-Rivera, the government must prove that he is an "alien." See 8 U.S.C. § 1326. "Alien" is a legal term that must be defined by this Court. See Berry v. City of Detroit, 25 F.3d 1342 (6th Cir. 1994) (responsibility of court, not testifying witnesses, to define legal terms); Fed. R. Evid. 704(a). It is also a finding that the jury must make; thus, no witness is permitted to opine that this element

has been proved. See United States v. Espino, 32 F.3d 253, 257 (7th Cir. 1994) (question whether the defendant was "admitting the conspiracy" was improper because it required a legal conclusion).

The government likely will call several witnesses from the Department of Homeland Security(DHS), including the A-file custodian, border patrol agents, and etention enforcement officers. Because the DHS has accused Mr. Hernandez-Rivera of being an alien, it is anticipated that these witnesses will refer to Mr. Hernandez-Rivera as "the alien." If these witnesses testify that Mr. Hernandez-Rivera is the alien, it will create confusion among the jurors regarding this Court's instructions on the law and what the government has – or has not – proven, in violation of Federal Rule of Evidence 403. It will also subvert Mr. Hernandez-Rivera's right to a jury finding of every essential element – a right guaranteed by the Fifth and Sixth Amendments. Accordingly, this Court should preclude the witnesses from referring to Mr. Hernandez-Rivera as "the alien."

## XIV.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

As new information comes to light, the defense may find it necessary to file further motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from any further discovery.

## XV.

## CONCLUSION

For the reasons stated above, Mr. Hernandez-Rivera moves this Court to grant his motions.

Respectfully submitted,

Dated: August 11, 2008

*/s/ Jennifer L. Coon*
**JENNIFER L. COON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Hernandez-Rivera

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

Courtesy Copy Court

Assistant United States Attorney via ECF

Dated: August 11, 2008                    /s/ *Jennifer L. Coon*
                                          JENNIFER L. COON
                                          Federal Defenders of San Diego, Inc.
                                          225 Broadway, Suite 900
                                          San Diego, CA 92101-5030
                                          (619) 234-8467  (tel)
                                          (619) 687-2666  (fax)
                                          e-mail: Jennifer_Coon@fd.org